```
_____ FILED _____ LODGED
         _____ RECEIVED
            Oct 27, 2021
       CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS MARSHALL,<br><br>Defendant. | NO. CR21-5366 DGE<br><br>**INFORMATION**<br><br>18 U.S.C. §§ 2252(a)<br>(Receipt of Child Pornography) |

The United States Attorney charges that:

### COUNT 1
**(Receipt of Child Pornography – MV1)**

Beginning on a date unknown but not later than in or about October 2018 and continuing until in or about September 2019, in Pierce County, within the Western District of Washington, and elsewhere, NICHOLAS MARSHALL knowingly received and attempted to receive visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and the visual depictions were of such conduct, that had been mailed and shipped and transported in and affecting interstate and

foreign commerce by any means, including by computer, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT 2
### (Receipt of Child Pornography – MV2)

Beginning on a date unknown but not later than in or about October 2018 and continuing until in or about September 2019, in Pierce County, within the Western District of Washington, and elsewhere, NICHOLAS MARSHALL knowingly received and attempted to receive visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and the visual depictions were of such conduct, that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT 3
### (Receipt of Child Pornography – MV3)

Beginning on a date unknown but not later than in or about October 2018 and continuing until in or about September 2019, in Pierce County, within the Western District of Washington, and elsewhere, NICHOLAS MARSHALL knowingly received and attempted to receive visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and the visual depictions were of such conduct, that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252(a)(2).

**COUNT 4**
**(Receipt of Child Pornography – MV3)**

Beginning on a date unknown but not later than in or about October 2018 and continuing until in or about September 2019, in Pierce County, within the Western District of Washington, and elsewhere, NICHOLAS MARSHALL knowingly received and attempted to receive visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct and the visual depictions were of such conduct, that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252(a)(2).

**ALLEGATIONS OF FORFEITURE**

The allegations contained in Counts 1 – 4 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of any of the offenses alleged in Counts 1 – 4, the Defendant NICHOLAS MARSHALL shall forfeit to the United States any property he used to commit or to facilitate his commission of the identified offense, any proceeds of the offense, and any data files consisting of or containing visual depictions within the meaning of 18 U.S.C. § 2253(a)(1). All such property is forfeitable pursuant to Title 18, United States Code, Section 2253(a)(3) and includes but is not limited to:

   a.   One Samsung Galaxy Note seized from the Defendant on or about September 10, 2019; and,

   b.   One black Ibuypower I-Series 506, serial #2250-1FE4-C862-6C3, seized from the Defendant on or about September 10, 2019.

**Substitute Property.** If any of the property described above, as a result of any act or omission of the Defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or,

    e.     has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek the forfeiture of any other property of the relevant Defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

DATED this 27th day of October, 2021.

*Sarah G. Vogel, for*
NICHOLAS W. BROWN
United States Attorney

*Angelica Williams, for*
GRADY J. LEUPOLD
Assistant United States Attorney

*Angelica Williams*
ANGELICA WILLIAMS
Assistant United States Attorney