DocuSign Envelope ID: B6A80240-579F-4EEA-A557-939C9DAECCDA

The Honorable David G. Estudillo

```
_____ FILED _____ LODGED
        _____ RECEIVED
        Jan 06, 2022
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-5366 DGE |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| NICHOLAS MARSHALL, | |
| Defendant. | |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Angelica Williams, Assistant United States Attorney for said District, Defendant NICHOLAS MARSHALL, and Defendant's attorney, Carrie Fulton-Brown, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

Plea Agreement - 1
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

2. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Information: Receipt of Child Pornography, as charged in Counts 1, 2, 3 and 4, in violation of Title 18, United States Code, Section 2252(a)(2).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty, Receipt of Child Pornography, as charged in Counts 1, 2, 3, and 4, are as follows:

*First*, the defendant knowingly received and attempted to receive a visual depiction in interstate commerce by any means, including by computer;

*Second*, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

*Third*, such visual depiction was of a minor engaging in sexually explicit conduct;

*Fourth,* the defendant knew that such visual depiction was of sexually explicit conduct; and

*Fifth*, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows: For the offenses of Receipt of Child Pornography, as charged in Counts 1, 2, 3, and 4: A minimum term of imprisonment of five (5) years and a maximum term of imprisonment of up to twenty (20) years, a fine of up to $250,000.00, a period of supervision following release from prison of up not less than five (5) years and up to life, and a mandatory

Plea Agreement - 2
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

DocuSign Envelope ID: B6A80240-579F-4EEA-A557-939C9DAECCDA

special assessment of $100.00, a special assessment of $5,000.00 unless Defendant is indigent, up to a $17,000.00 child pornography trafficking assessment, and a minimum of $3,000.00 in restitution for each victim of Defendant's offenses. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status.

Plea Agreement - 3
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

Plea Agreement - 4
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

Beginning on a date unknown but not later than in or about October 2018 and continuing until in or about September 2019, at Puyallup, within the Western District of Washington, and elsewhere, NICHOLAS MARSHALL knowingly received and attempted to receive visual depictions from multiple minors, including MV1, MV2, MV3, MV4, and others known and unknown. MARSHALL knew that the production of these depictions involved the use of minors engaging in sexually explicit conduct, and the

Plea Agreement - 5
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

visual depictions were of sexually explicit conduct. Defendant used a computer to receive or attempt to receive each depiction of sexually explicit conduct. Each depiction of sexually explicit conduct Defendant did receive traveled in interstate and foreign commerce. Defendant resided in the Western District of Washington during all times he communicated with MV1, MV2, MV3, and MV4.

In January 2019, Homeland Security Investigations (HSI) Houston initiated an investigation after the mother of a Texas based 12-year-old (hereinafter "Uncharged Minor" - UCM) discovered UCM had been exchanging nude pictures and images with an adult male, ultimately identified as Defendant. Between October 2018 and January 2019, Defendant repeatedly requested and obtained nude images and videos of UCM through text messages and the social media application Discord.

During their conversations, UCM asked Defendant if he was okay with their age difference since she was 12 and he was 20. Defendant replied that he loved her and, as long as they loved each other, that was all that mattered. When UCM asked what Defendant's family would think if they found out he was dating a 12-year-old, Defendant says "they'll find out in six years." After confirming Defendant resided in Puyallup, HSI Houston referred the case to the Puyallup Police Department for investigation. Defendant is charged for conducting relating to UCM in Pierce County Cause No. 19-1-03463-9

Defendant used online platforms such as Discord and Snapchat to communicate with multiple young females with a primary focus on obtaining nude images and videos. Discord is based in San Francisco, California, and Snapchat is based in Santa Monica, California.

**Count 1 - MV1: Washington**

MV1 and Defendant communicated through Discord and Snapchat between May 2019 and June 2019 when she was 13 and 14 years of age. Defendant repeatedly asked MV1 whether he could visit her home to have sex with her. When MV1 told Defendant she would consider meeting him to "hug and kiss" but that she is scared to death the is

Plea Agreement - 6
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

going to kill her, Defendant stated "let me fuck you ... let me come to your house tomorrow and fuck you harder than you can imagine." MV1 asked Defendant to stop, to which he responded, "I want to choke you." Defendant initially told MV1 he was 15 years old. He later told her he was a security guard. MV1 told Defendant she would be going to a camp soon located in Wildwood, Washington. Defendant then panicked because he was a camp counselor for a camp in Wildwood and was worried she would be one of his campers. He told MV1 if they were at the same camp it would make his life hell because he would want to have sex with her all week.

During one communication, Defendant scared MV1 into having phone sex with him. During this incident, Defendant turned on his camera function and watched her masturbate, which was painful for her. MV1 blocked Defendant following this incident. MV1 was terrified of Defendant and believed he would hurt her, her family, and/or her pets. Defendant repeatedly requested photos of MV1's chest and vagina. Multiple images of MV1 were located on Defendant's Samsung cellular device, which was manufactured in Korea, including close-up images depicting MV1's face and vagina.

**Count 2 - MV2: Wisconsin**

MV2 communicated with Defendant over the online application Discord from June 13, 2019, through July 7, 2019, while she lived in Wisconsin. During their communication, MV2 told Defendant she was 16, soon to be 17, to which Defendant replied, "[E]ven now you're legal…this is perf." Defendant solicited and received videos through the internet and his cellular telephone depicting MV2 inserting her fingers into her vagina while in the shower. In the Discord communications, Defendant asked MV2 if it was too soon for nude pictures again, and then told MV2 that he will get her pregnant despite her IUD birth control because he possessed "strong sperm."

**Count 3 - MV3: Texas**

MV3 and Defendant communicated over Discord while MV3 was 14 years old and living in Texas. Defendant offered MV3 $50 per month in exchange for her production and distribution to him of sexually explicit pictures and videos. MV3 asked

Plea Agreement - 7
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

Defendant how he would send her the money because she was only 14, and Defendant offered to send her gift cards from Amazon, Sephora, and Victoria's Secret.

Defendant solicited MV3 to find other young girls who would be willing to send him explicit photos and videos and/or perform sexually explicit acts with MV3 on camera. MV3 the solicited another minor Discord user to be a "princess" for Defendant. Defendant received multiple images and videos depicting MV3 inserting fingers or a hairbrush into her vagina, which he stored on his Samsung cellular device. Defendant provided explicit descriptions of what he wanted MV3 and other girls to do on camera, including "master/slave play" and "Daddy-dom." Like many other victims, Defendant demanded that MV3 call him "daddy."

MV3 told investigators that her family has always struggled financially, and she never had money to spend on videogames or presents for friends. MV3 viewed Defendant's solicitation of sexually explicit images and video as a way to make money. Ultimately, she did not receive anything of value from Defendant aside from lingerie he purchased for her from Amazon. Communication stopped because Defendant became too demanding. MV3 did introduce another minor Discord user to Defendant to potentially become his "princess" and provide him with additional nude images and videos.

**Count 4 - MV4: Canada**

MV4 and Defendant initially met on an application called Omegle and communicated when MV4 was 15 years old. Defendant repeatedly demanded to visit MV4 in Canada, where she lived, so he could make her "first time amazing." Defendant told MV4 that "You are my fucktoy. All you are is a wet little hole for me to fuck. Show me your fuckhole." MV4 then sent an image of her vagina to the Defendant and to which he responded, "It's nice and wet" and told her to "Take a video of you sucking your fingers and pushing them deep into your slave cunt. Make it at least a minute long of you fucking yourself for your master." Investigators located a video depicting MV4 inserting a hairbrush into her vagina on Defendant's Samsung device.

Plea Agreement - 8
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

From the Ibuypower computer tower seized from Defendant's Seattle residence on September 10, 2019, investigators located multiple images depicting a known actual minor engaged in sexually explicit conduct. Investigators also discovered 38 videos of minors engaged in sexually explicit conduct located on Defendant's Samsung cellular device.

At all relevant times, Defendant knew that the images and videos he solicited and received from MV1, MV2, MV3, MV4 were visual depictions of minors engaged in sexually explicit conduct. And each visual depiction was produced using materials that had been shipped or transported in interstate or foreign commerce.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of eighteen (22) pursuant to USSG § 2G2.2(a)(2);

    b. A two (2) level reduction because the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the defendant did not intend to traffic in, or distribute, such material. USSG § 2G2.2(b)(1);

    c. A five (5) level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor pursuant to USSG § 2G2.2(b)(5);

    d. A two (2) level enhancement for use of a computer pursuant to USSG § 2G2.2(b)(6);

    e. A five (5) level enhancement for 600+ images pursuant to USSG § 2G2.2(b)(7)(D);

Plea Agreement - 9
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

DocuSign Envelope ID: B6A80240-579F-4EEA-A557-939C9DAECCDA

f. A three (3) level enhancement for using a minor to commit a crime pursuant to USSG § 3B1.4.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Agreed Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of nine years. The parties also agree to jointly recommend 15 years' supervised release. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by

Plea Agreement - 10
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

the United States contained in this plea agreement, Defendant agrees that restitution in this case should not be limited to the offense of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. In exchange for the promises by the United States contained in this plea agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

      a.      The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

      b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing

Plea Agreement - 11
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

DocuSign Envelope ID: B6A80240-579F-4EEA-A557-939C9DAECCDA

supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

    c.    The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

    14.    **Forfeiture**. The Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. The Defendant agrees to forfeit to the United States immediately his right, title, and interest in all property he used to commit or to facilitate his commission of the identified offense, any proceeds of the offense, and any data files consisting of or containing visual depictions within the meaning of 18 U.S.C. § 2253(a)(1). All such property is forfeitable pursuant to Title 18, United States Code, Section 2253(a), and includes but is not limited to:

    a.    One Samsung Galaxy Note seized from the Defendant on or about September 10, 2019; and,

    b.    One black Ibuypower I-Series 506, serial #2250-1FE4-C862-6C3, seized from the Defendant on or about September 10, 2019.

Plea Agreement - 12
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

The Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. The Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if the Defendant used that property to commit or to facilitate his commission of the identified offense.

15. **Abandonment of Property and Non-Contraband Data Files.** The Defendant abandons any interest he may have in any non-contraband data files contained on the electronic devices identified in Paragraph 14, and he consents to the federal administrative disposition of those data files, including their destruction.

Defendant also abandons any interest he may have in the following digital devices, including any data files contained on those devices, and consents to the administrative disposition of those devices and data, including their destruction:

    a.    One black Razer laptop seized from NICHOLAS MARSHALL on or about September 10, 2019;

    b.    One Sony PS4 serial #MF813463924 - seized from NICHOLAS MARSHALL on or about September 10, 2019; and,

    c.    One Xbox serial #093381454448 phone seized from NICHOLAS MARSHALL on or about September 10, 2019.

Plea Agreement - 13
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

16. **Registration as a Sex Offender.** Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex offender as those terms are defined in the Act. The Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where the Defendant resides, is an employee, and is a student. The Defendant further agrees that for initial registration purposes only, the Defendant is required also to register in the jurisdiction in which the Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

17. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation,. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

18. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to

Plea Agreement - 14
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

19. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

Plea Agreement - 15
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

        b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

20.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

21.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

//

Plea Agreement - 16
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305

22. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of January, 2022.

*NM* (DocuSigned)
NICHOLAS MARSHALL
Defendant

*Carrie Fulton – Brown* (DocuSigned)
CARRIE FULTON-BROWN
Attorney for Defendant

*Angelica William, for*
GRADY J. LEUPOLD
Assistant United States Attorney

*Angelica Williams*
ANGELICA WILLIAMS
Assistant United States Attorney

Plea Agreement - 17
*United States v. Nicholas MARSHALL*, CR21-5366 DGE

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-4305