UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff,<br>v.<br>NICHOLAS J. MARSHALL,<br>　　　　　　　　　　Defendant. | No. 3:21-CR-05366 DGE<br><br>DEFENDANT'S SENTENCING BRIEF<br><br>*April 1, 2022 at 10:00 a.m.*<br>*Judge David G. Estudillo* |

## I. INTRODUCTION

Defendant, Mr. Nicholas Marshall, respectfully requests the Court follow the agreed recommendation of the parties and impose a term of imprisonment of 108 months. Mr. Marshall further requests the Court impose a term of 15 years supervised release, only the $100 mandatory penalty assessment per count due to indigence, and reasonable restitution.

## II. BACKGROUND

**A.　Procedural History**

Mr. Marshall was charged by information in this Court on October 27, 2021. Dkt. #1. The information alleged Mr. Marshall received child pornography (four counts) in

Defendant's Sentencing Brief - 1
*United States v. Nicholas Marshall*, CR21-5366 DGE



1201 Pacific Avenue, Suite C7
Tacoma, WA 98402
Ph: 253-300-4762 / Fax: 253-512-1957

violation of 18 U.S.C. § 2252(a)(2). Dkt. #1. After entering a guilty plea on January 5, 2022 in Pierce County Cause No. 19-1-03463-9 for offenses stemming from the investigation underlying this matter (but involving a different victim), Mr. Marshall made his initial appearance in this case. He made his initial appearance on January 6, 2022 and entered a plea of guilty that same day. Dkt. #14. Pursuant to his plea in this matter, as well as his conviction in state court, Mr. Marshall was remanded to custody. Dkt. #14.

### B. Offense Conduct

Mr. Marshall accepts and relies upon the statement of facts as set forth in paragraph 9 of the plea agreement. Dkt. #13 at 5-9.

### C. Mr. Marshall's Personal History and Characteristics

Mr. Marshall comes before the Court for sentencing following his entry of a factual plea of guilty to the information in this case. In making a timely plea, Mr. Marshall has given up important constitutional rights to a jury trial and appeal. Further, by entering a plea of guilty at his first appearance, Mr. Marshall allowed the Government to conserve its resources in prosecuting this case. Mr. Marshall's admission of guilt, acceptance of responsibility for his conduct, and timely actions are important facts for the Court's consideration in imposing a sentence in this matter.

Mr. Marshall's only criminal history stems from the investigation that led to the charges here, as well as the charges in the state case. He has no other criminal history. Additionally, it is noteworthy that since his arraignment and pretrial release on September 11, 2019 in the state case, Mr. Marshall had no violations of his pretrial release conditions. This shows his amenability to supervision once he is released from

Defendant's Sentencing Brief - 2
*United States v. Nicholas Marshall*, CR21-5366 DGE



1201 Pacific Avenue, Suite C7
Tacoma, WA 98402
Ph: 253-300-4762 / Fax: 253-512-1957

1 | any prison term this Court may impose.

2 | Mr. Marshall is 23 years old. He was diagnosed with Asperger's syndrome in
3 | either 2003 or 2004. Due to this diagnosis, Mr. Marshall worked hard to overcome
4 | significant barriers to his educational and social development throughout his childhood
5 | and young adult life. Despite those hardships, Mr. Marshall found and maintained
6 | employment after graduating high school. His most recent employer valued and trusted
7 | Mr. Marshall due to his strong work ethic, and is willing to employ him once he is
8 | released from prison.

9 | **D.    Summary of Plea Agreement**

10 | The parties agreed to jointly recommend a term of imprisonment of 108 months,
11 | followed by a term of 15 years supervised release. Dkt. #13 at 10. The parties intended
12 | this sentence to run concurrently to the sentence imposed in the state case. It was
13 | further the intent of the parties that Mr. Marshall would be remanded to state custody
14 | after sentencing in this matter to serve time on the state conviction before returning to
15 | federal custody to serve the remainder of his sentence on this matter.

16 | **III. DEFENDANT'S SENTENCING RECOMMENDATION**

17 | **A.    Prison term**

18 | Based on an offense level of 31 and criminal history category I, Mr. Marshall's
19 | Guideline imprisonment range is 108-135 months. The statutory minimum term of
20 | imprisonment is 5 years, and the maximum term is 20 years. 18 U.S.C. § 2252(b)(1).
21 | Mr. Marshall respectfully requests the Court follow and impose the agreed
22 | sentencing recommendation as to imprisonment, and sentence Mr. Marshall to 108

Defendant's Sentencing Brief - 3
*United States v. Nicholas Marshall*, CR21-5366 DGE



1201 Pacific Avenue, Suite C7
Tacoma, WA 98402
Ph: 253-300-4762 / Fax: 253-512-1957

months imprisonment concurrent to prison time imposed in the state case and grant credit for time served since his detention. Mr. Marshall should be remanded to the custody of the Washington Department of Corrections to begin serving his sentence before returning to federal custody to finish prison-time imposed in this matter. Mr. Marshall requests designation to FCI Coleman in the state of Florida.

### B. Supervised Release

Both statute and the Guidelines contemplate a period of supervised release of not less than 5 years to lifetime supervision. 18 U.S.C. § 3583(k); USSG §5D1.2(b)(2).

Mr. Marshall respectfully requests the Court follow and impose the agreed recommendation for a term of 15 years' supervised release. A term of 15 years' of supervision, following a term of 9 years' imprisonment, is sufficient but not greater than necessary term during which the Court, Probation, and the sexual deviancy professional can assess Mr. Marshall's re-entry into the community in a manner which assures community safety.

### C. Fines, fees and assessments

The maximum fine is $250,000. 18 U.S.C. § 3571(b). A $100 special assessment is mandatory. 18 U.S.C. § 3013.

Here, Mr. Marshall asks the Court to find him indigent and waive all nonmandatory assessments and fines. Mr. Marshall has no income and no expenses due to his incarceration. His savings of approximately $3,000 will go to his parents to repay some of his debt they incurred in obtaining legal representation for him. It is also his understanding his parents intend to sell his vehicle to help satisfy his debt to them.

Defendant's Sentencing Brief - 4
*United States v. Nicholas Marshall*, CR21-5366 DGE



VINDICATE
CRIMINAL LAW GROUP

1201 Pacific Avenue, Suite C7
Tacoma, WA 98402
Ph: 253-300-4762 / Fax: 253-512-1957

He has no other assets. Therefore, the Court should find him indigent and impose only mandatory assessments.

Further, restitution is mandatory, and the imposition of nonmandatory legal financial obligations will affect Mr. Marshall's ability to make restitution. For those reasons, Mr. Marshall respectfully requests the Court impose only the $100 assessments, and waive further fines and assessments.

### D. Restitution

Restitution is mandatory due to the offense of conviction. 18 U.S.C. §§ 2259, 3663A. Mr. Marshall agreed to make restitution as part of his plea agreement with the Government in this case. Dkt. #13 at 10-12. He further agreed to restitution for all losses caused by his conduct to include uncharged offenses and offenses not admitted in the statement of facts of the plea agreement. *Id.* Consequently, Mr. Marshall does not object to the Court imposing reasonable restitution for actual losses incurred by identifiable victims. 18 U.S.C. § 2259(b)(2), (c).

## IV. CONCLUSION

For the foregoing reasons, Mr. Marshall respectfully requests the Court sentence him to 108 months imprisonment concurrent to sentence imposed in the state case, 15 years supervised release, impose only the $100 special assessment due to his indigence, and restitution in an appropriate amount. Such a sentence is sufficient, but not greater than necessary to protect the public, afford deterrence, and provide Mr. Marshall with correctional treatment.

DATED this ___ of March, 2022.



VINDICATE
CRIMINAL LAW GROUP

1201 Pacific Avenue, Suite C7
Tacoma, WA 98402
Ph: 253-300-4762 / Fax: 253-512-1957

1
2   VINDICATE CRIMINAL LAW GROUP

3   */s/ Carrie Fulton Brown*
    _____
4   Carrie Fulton-Brown, WSBA #43725
    Attorney for Defendant, Mr. Marshall

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

