1
2
3
4
5
6

The Honorable David G. Estudillo

7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15
16

UNITED STATES OF AMERICA,

Plaintiff,

v.

NICHOLAS MARSHALL,

Defendant.

NO. CR21-5366 DGE

UNITED STATES' SENTENCING
MEMORANDUM

17
18
19
20

   At only 23 years old, Nicholas Marshall sexually targeted and preyed on vulnerable children over social media. Once he established "relationships" with his victims, he cajoled them into producing and sending him sexually explicit material. Marshall faces this Court having left a trail of traumatized minors in his wake.

21
22
23
24
25

   This matter is set for a sentencing hearing on April 8, 2022, at 10:00 a.m. On January 6, 2022, Marshall pleaded guilty to four counts of Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) for his conduct involving four separate minors. Due to his serious conduct, the parties are jointly recommending a custodial sentence of 9 years, followed by 15 years' supervised release.

26

## I.    The Advisory Guidelines Range

27
28

   The parties and U.S. Probation agree that the base offense level is 22 under USSG § 2G2.2(a)(2). PSR ¶ 28. The United States also agrees with U.S. Probation's calculation

of specific offense characteristics. PSR ¶¶ 29–34. Based on the above calculation, and with a full 3-level reduction for acceptance of responsibility under USSG § 3E1.1, Marshall's total offense level would be 31. PSR ¶ 40. At criminal history category I, the resulting advisory Guidelines range would be 108 to 135 months.

## II.    Nature and Circumstances of the Offense

The United States herein incorporates the facts contained in the Complaint (Dkt No. 1), the Plea Agreement (Dkt No. 14) and the Presentence Investigation Report. The United States further provides the following supplemental facts.

For over a year, Nicholas Marshall targeted minors as young as 12-years-old over social media. Marshall first came to law enforcement's attention when the mother of a Texas based 12-year-old discovered her daughter had been exchanging nude pictures and images with Marshall[1]. For several months, Marshall repeatedly pressured the Texas victim to produce and send him sexually explicit pictures and videos through text messages and the social media application Discord.

During their conversations, the Texas victim asked Marshall if he was okay with their age difference, given she was 12 and he was 20. Marshall told her that he loved her. And that as long as they loved each other, that was all that mattered. When UCM asked what Marshall's family would think if they found out he was dating a 12-year-old, he said "they'll find out in six years."

**Count 1 - MV1: Washington**

Marshall communicated with MV1 through Discord and Snapchat when she was just 13 years old. Despite her young age, Marshall repeatedly asked MV1 if he could visit her home to have sex with her. When MV1 told Marshall she would consider meeting him to "hug and kiss" but said she was scared he would kill her, he said "let me fuck you ... let me come to your house tomorrow and fuck you harder than you can imagine." MV1 asked him to stop, to which he said, "I want to choke you."

---

[1] Marshall was charged in Pierce County Superior Court case 19-1-03463-9 with his conduct relating to the Texas victim. On January 5, 2022, Marshall was sentenced to 87 months' incarceration. PSR ¶ 42.

Government's Sentencing Memorandum - 2
(*United States v. Marshall*, CR21-5366 DGE)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

During one communication, Marshall pressured and ultimately scared MV1 into having phone sex with him. During this incident, Marshall turned on his camera function and watched her masturbate, which was painful for her. She blocked Marshall following this incident. MV1 believed Marshall would hurt her, her family, and her pets. During the investigation, MV1 astutely told law enforcement that Marshall wanted a rape relationship with a child because he could have full control over her and "own" her.

**Count 2 - MV2: Wisconsin**

MV2 communicated with Marshall over Discord for several weeks in 2019. During their communication, MV2 told Marshall she was 16, soon to be 17, to which he replied, "[E]ven now you're legal…this is perf." Marshall asked MV2 to send pictures and videos depicting sexually explicit conduct. MV2 complied with his demands. Marshall received numerous videos depicting MV2 inserting her fingers into her vagina while in the shower. In the Discord communications, Marshall asked MV2 if it was too soon for nude pictures again, and then told her that he would get her pregnant despite her birth control because he possessed "strong sperm."

**Count 3 - MV3: Texas**

MV3 and Marshall communicated over Discord while she was 14 years old. Marshall offered MV3 $50 per month in exchange for her producing and sending nude videos and pictures. When MV3 asked Marshall how he would send her the money since she was 14, and presumably did not have a bank account, Marshall offered to send her gift cards from Amazon, Sephora, and Victoria's Secret. Marshall received multiple images and videos depicting MV3 inserting fingers or a hairbrush into her vagina, which he stored on his Samsung cellular device.  Like many other victims, Marshall demanded that MV3 call him "daddy."

In addition to pressuring MV3 for nude videos and images, he asked her to find other young girls who would be willing to send him sexually explicit photos and videos and/or perform sexually explicit acts with MV3 on camera. Specifically, he wanted others

Government's Sentencing Memorandum - 3
(*United States v. Marshall*, CR21-5366 DGE)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1  to be "princesses" for him. He also told MV3 exactly what he wanted her and other girls
2  to do on camera, including "master/slave play" and "Daddy-dom."

3      MV3 told investigators that her family has always struggled financially, and she
4  never had money to spend on videogames or presents for friends. And that she viewed
5  Marshall's financial offers as a way to make money. Ultimately, Marshall never paid MV3
6  apart from lingerie he purchased for her from Amazon.

7  **Count 4 - MV4: Canada**

8      MV4 and Marshall initially met on an application called Omegle and communicated
9  when she was 15 years old. Marshall repeatedly demanded to visit MV4 in Canada, where
10  she lived, so he could make her "first time amazing." With MV4, Marshall was particularly
11  degrading, telling her, "You are my fucktoy. All you are is a wet little hole for me to fuck.
12  Show me your fuckhole." From this, MV4 sent him an image of her vagina. Marshall
13  responded, "It's nice and wet." Then, he told MV4 to "Take a video of you sucking your
14  fingers and pushing them deep into your slave cunt. Make it at least a minute long of you
15  fucking yourself for your master." Investigators located a video depicting MV4 inserting a
16  hairbrush into her vagina on Marshall's Samsung device.

17      From the Ibuypower computer tower seized from Marshall's Seattle residence, law
18  enforcement located multiple images depicting a known actual minor engaged in sexually
19  explicit conduct. Investigators also discovered 38 videos of minors engaged in sexually
20  explicit conduct on Marshall's Samsung cellular device SD card.

### III.   Sentencing Factors

22      Online child exploitation is an epidemic with staggering growth as the population
23  increasingly retreats into the digital world. Images emailed, tweeted, or texted into the
24  digital realm remain there forever. This results in the repeated victimization of innocent
25  children.

26      Marshall exploited multiple minors online. Along with inflicting psychological
27  trauma with his degrading and relentless demands. Marshall, and those like him, strike at
28  the well-being of our posterity by causing trauma with lifelong implications. This Court

Government's Sentencing Memorandum - 4
(*United States v. Marshall*, CR21-5366 DGE)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

stands in the breach as the community's voice to punish and incapacitate this conduct. And to send a clear message of deterrence to future child sex offenders.

The United States recommends 9 years' imprisonment, plus 15 years' supervised release. This recommended sentence fairly balances all relevant 18 U.S.C. § 3553(a) factors: the nature and circumstances of Marshall's offenses; the seriousness of those offenses; public safety; Marshall's history; and the need for just punishment and deterrence.

By adopting the joint sentencing recommendation of confinement of nine years' incarceration, followed by 15 years' supervision, the Court will fulfill these factors.

1.   *Marshall committed serious offenses against children and just punishment should be imposed to deter this type of harm.*

18 U.S.C. § 3553(a) factors say the sentence should "reflect the seriousness of the offense, to promote respect for the law, and to provide *just punishment* for the offense." (emphasis added). The production of child pornography is both serious and vile. As the Supreme Court said, "[c]hild pornography harms and debases the most defenseless of our citizens. Both the State and Federal Government have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." *United States v. Williams*, 553 U.S. 285, 307 (2008). Congress, too, has explained the difficulties in successfully combating the "immense" problem of child pornography and the "rapidly-growing market" for such materials, which is fueled by new technologies that were largely unavailable when the Sentencing Guidelines were first promulgated. *See* S. Rep. No. 108-2 (2003).

Indeed, despite the "pernicious evil" of the crime, Congress has repeatedly expressed its dismay about the "excessive leniency" of federal sentences. *See* H. Rep. No. 108–66; S. Rep. No. 104–358, especially in light of the "continuing harm" caused to the children appearing in such materials, as well as the inflammatory effect it has on the "desires of child molesters, pedophiles, and child pornographers," which results in market demand for child pornography, thereby increasing child victimization. *See* Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-

Government's Sentencing Memorandum - 5
(*United States v. Marshall*, CR21-5366 DGE)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

26, 27 (1996), codified at 18 U.S.C. § 2251 note; *United States v. MacEwan*, 445 F.3d 249, 250 (3d Cir. 2006); *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998) ("[T]he victimization of the children involved does not end when the pornographer's camera is put away"). Congress has found that child pornography "is a form of sexual abuse which can result in physical and psychological harm, or both, to the children involved." Child Pornography Prevention Act of 1996, 1 Pub. L. No. 104-208, § 121, 110 Stat. 3009 (1996) (codified as amended at 18 U.S.C. § 2251). Congress concluded that "where children are used in its production, child pornography permanently records the victim's abuse" resulting in "continuing harm by haunting those children in future years." *Id*.

Without doubt, the severity of this crime calls for a lengthy sentence, but so does the additional sentencing factors this Court considers. Prior to this investigation, resulting in both state and federal charges, Marshall had no criminal history. That lack of criminal history, however, is countermanded by his numerous victims and relentless pattern of deviant behavior. His pattern of crimes against impressionable members of our population shows no regard for their innocence or the laws of our nation. Therefore, there is a strong need to promote respect for the law through adequate punishment for Marshall. The calculated and cruel sexual exploitation of all four charged victims demonstrates the need to promote respect for the law by Marshall and others who have similar desires to sexually exploit children. Just punishment therefore, is nine years' incarceration, followed by 15 years' supervision, concurrent to his Pierce County sentence.

By sexually exploiting each victim, Marshall has left an indelible mark that may have significant long-term health consequences. In addition to the harm suffered by each victim, Marshall's actions also inflict untold harm to each victim's community. The secondary trauma to those that love the victims and are entrusted to ensure their wellbeing, including family, friends, teachers, and counselors, will never be truly known.

Given the potential for lifelong harm to each victim and their loved ones, what then, is *just punishment*. Ensuring that Marshall cannot abuse additional minors is certainly just.

Government's Sentencing Memorandum - 6
(*United States v. Marshall*, CR21-5366 DGE)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Removing from him the opportunity to traumatize other minors is certainly just. A sentence of 9 years, although lengthy, is just punishment.

Based on the egregious nature of Marshall's criminal misconduct, there is also a compelling need to deter others who would exploit and abuse children. Marshall is young, and as demonstrated from the PSR and letters of support from his pastor and employer, has the potential to lead a law-abiding life. A nine-yar sentence will hopefully deter Marshall from similar behavior upon his release. Beyond specific deterrence for Marshall, is deterrence for other offenders. Unfortunately, the stark reality borne out by countless studies, investigations and prosecutions show there are simply too many individuals wired to abuse children to ever eliminate child exploitation. As a result, it is vitally important that these would-be offenders understand the steep cost of acting on their deviant desires. The law must send a clear and unmistakable message of specific and general deterrence: that society will not tolerate such perverted cruelty and violence. And for those who choose to engage in it—will be met with lengthy custodial sentences.

2.   *Marshall's conduct and character despite having a good upbringing is alarming; him serving a lengthy sentence will protect the community.*

Marshall is different from many offenders who come before the Court in these types of cases. He did not experience abuse or neglect, his family is financially stable, and he felt loved and supported by his parents. PSR ¶ 50. While he had early academic issues, after receiving an Asperger's diagnosis, he enrolled and was successful in an educational program tailored to his diagnosis. His successful career following graduation also demonstrates his potential.

While Marshall appears to have struggled socially, this cannot be a justification for seeking out and dominating impressionable minors. During his communications with MV1, he found out she would be attending summer camp. He experienced momentary panic because he was a summer camp counselor and thought she would be his camper. Then, he communicated that his concern was that if he and MV1 were at the same camp, it would make his life hell because he would want to have sex with her all week. Given his

Government's Sentencing Memorandum - 7
(*United States v. Marshall*, CR21-5366 DGE)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

prolific online sexual exploitation of victims the same age as his campers, it is alarming that Marshall sought out to be surrounded by children as a camp counselor. Imposing nine years' incarceration will be the most effective tool to protect future victims and the community.

## IV.    Conclusion

Marshall made the choice to repeatedly prey and seek out children to satisfy his distorted and revolting sexual desires. He did so in an abhorrent, degrading, and disgusting manner. Still, the government wants Marshall to find rehabilitation. And the government hopes what Marshall's pastor wrote, that he "desires to become a mature and responsible young man" is true. Conversely, Marshall's crimes were beyond irresponsible. And they carry lifelong pain and trauma for the four victims.

Therefore, this Court should adopt the joint nine-year sentencing recommendation from Marshall and the government. This sentence is sufficient, but not greater than necessary to achieve justice.

DATED this 1st day of April, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/Erika J. Evans*
ERIKA J. EVANS
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Email: Erika.Evans@usdoj.gov

Government's Sentencing Memorandum - 8
(*United States v. Marshall*, CR21-5366 DGE)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800